UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANITA BENTLEY,

        Plaintiff,

v.                                            Case No. 20-cv-503-pp

HOME CARE ASSISTANCE,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On March 27, 2020, the plaintiff—who is representing herself—filed a complaint alleging that she was unlawfully terminated by her employer. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court regrets that its heavy caseload delayed its ability to address the case more quickly. This order screens the complaint, rules on the motion to proceed without prepaying the filing fee and orders the plaintiff to file an amended complaint. Hopefully this order will get the case back on track.

**I.      Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine

1

whether the lawsuit is frivolous, malicious, or fails to state a claim for which a federal court may grant relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff said in her motion that both she and her spouse were employed and that they had no dependents. Dkt. No. 2 at 1. She stated that she made $13 per hour at Caring Senior Service, but wrote "N/A" in the space provided for her spouse's income. Id. at 2. She also did not provide her actual earnings during the twelve months preceding the date on which she filed the complaint, only describing her hourly wage without listing the number of hours she was working per week or per month. Id.

The plaintiff's monthly expenses for rent, car and credit card payments, groceries, taxes, insurance, phone and cable total $1,584. Id. at 2-4. She stated that she owns a 2006 Honda but was unsure of the approximate value of the vehicle. Id. She does not own a home or have any cash on hand or in checking or savings accounts. Id.

Without more information, the court can't tell whether the plaintiff has enough money to pay the filing fee. The court needs more information about the plaintiff's income and her spouse's. The court will deny without prejudice the plaintiff's motion for leave to proceed without prepaying the filing fee.

The court will give the plaintiff the opportunity to file an amended motion that is complete and contains all the information asked for on the form. Along with this order, the court will send the plaintiff a copy of the Non-Prisoner Request to Proceed Without Prepaying the Filing Fee form. The plaintiff must tell the court the actual amount of her income, as well as her husband's

income. If the plaintiff does not file an amended motion in time for the court to receive it by the deadline the court sets below, the court will deny the plaintiff's motion and require her to prepay the filing fee before allowing the case to proceed.

## II. Screening

Assuming the plaintiff files an amended motion to proceed without prepaying the filing fee, the court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The complaint alleges that the plaintiff worked for the defendant, Home Care Assistance, located at 409 East Silver Spring Drive in Whitefish Bay, Wisconsin. Dkt. No. 1 at 3. She says that around January 2019, someone named Patty Cohen was "showing their new building," and that Cohen "raised

3

a question" about a client named Paul Meyer to whom the plaintiff was assigned. Id. Cohen asked the plaintiff whether Meyer ever had used "the word Negro or Nigger" with the plaintiff. Id. The plaintiff responded, "yes," and Cohen asked how the plaintiff felt about that. Id. The plaintiff responded that she didn't like it but that she "ha[d] to eat." Id. The plaintiff says that Cohen put her hand "endearing over her heart, by stating we protect our employees. We do not want anyone to feel uncomfortable for where we send them to work." Id.

The plaintiff says that around March 21, 2019 (two or so months after the conversation with Cohen), the plaintiff went into the office, where there was "a brief open conversation surrounding [her] birthday with the owner of the company and several employees." Id. The plaintiff says that the employees were surprised when she reported that she would turn sixty the following month. Id. The plaintiff alleges that on April 4, 2019—apparently two weeks or so after this conversation—she was fired by the defendant. Id. at 2, 3. She says that "it was stated that [she] broke Policy and Procedure [] [a]fter [she] was told by office to accommodate the clients' needs." Id. at 3. The plaintiff says that she was following her employer's instructions. Id. at 2.

The plaintiff marked the box on the complaint that indicated she was suing for a violation of federal law and that the court had jurisdiction under 28 U.S.C. §1331. Id. at 4. For relief, she said that she "would love to be compensated for [her] lost of pain and suffering wages and [her] character." Id. The plaintiff attached to the complaint a Dismissal and Notice of Rights from the EEOC. Dkt. No. 1-1. The notice is dated December 12, 2019. It indicates

4

that the EEOC "has adopted the finding of the state or local fair employment practices agency that investigated this charge" and was closing its file. Id. It advised the plaintiff that if she wanted to file a lawsuit in federal or state court, that lawsuit must be filed within ninety days of her receipt of the notice. Id.

The limited facts in the complaint don't make clear why the plaintiff has sued the defendant. She mentions that she was fired about two weeks after she told some employees that she would be turning sixty the next month. That sounds like an allegation of employment discrimination based on age. The Age Discrimination in Employment Act "prohibits an employer from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age.' 29 U.S.C. § 623(a)(1)." Igasaki v. Ill. Dep't of Fin. And Prof. Reg., No. 18-3351, 2021 WL 613425, at *7 (7th Cir. Feb. 17, 2021). To state a claim for age discrimination under the ADEA, the plaintiff must state facts showing that "age was the but-for cause of the challenged adverse employment action." Marnocha v. St. Vincent Hosp. and Health Care Cntr., Inc., 986 F.3d 711, 718 (7th Cir. Jan. 22, 2021) (quoting Skiba v. Ill. Cent. R.R. Co., 884 F.3d 708, 719 (7th Cir. 2019)). The plaintiff does not say who fired her. She does not say whether the person who fired her was among the group of employees whom she told about her upcoming birthday. She does not allege that whoever fired her knew that she would soon be turning sixty.

The plaintiff also mentions that someone named Patty Cohen asked her if a client had used racially offensive language and how the plaintiff felt about

5

that. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 20003-2, *et seq.* "prohibits an employer from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." Igasaki, 2021 WL 613425, at *5. To state a claim for race-based employment discrimination, the plaintiff must state facts indicating that the plaintiff's race or ethnicity "caused the discharge or other adverse employment action." Id. (quoting Purtue v. Wis. Dep't of Corr., 963 F.3d 598, 602 (7th Cir. 2020), reh. den. (July 31, 2020)). The plaintiff does not say who Patty Cohen was—did she work for the defendant? The plaintiff does not state her own race. She does not indicate whether she felt Patty Cohen was acting in a discriminatory manner (as opposed to the client being discriminatory) or how Patty Cohen may have discriminated against her.

It is possible that the plaintiff meant to allege that she was fired based on her age, her race or both. But the plaintiff has not provided enough facts for the court to be able to tell. The court will give the plaintiff a chance to amend the complaint to give the court more details and to clearly state why she is suing the defendant—what law she believes the defendant violated and why. Along with this order, the court will send the plaintiff a copy of a blank Amended Complaint form (for non-prisoner filers without lawyers). The plaintiff should fill in the case number for this case—20-cv-503—in the space provided on the first page. The plaintiff should clearly state in the complaint whether

6

she believes the defendant discriminated against her because of her age, because of her race or both (or for some other reason).

The court advises the plaintiff that the basis for her federal lawsuit must be the same as her basis for her complaint to the Equal Employment Opportunity Commission (EEOC). So if the plaintiff complained to the EEOC that the defendant discriminated against her based on age but did not mention race, she cannot sue in federal court for race discrimination (because she did not first raise that claim with the EEOC).

The court also notes that the plaintiff filed this federal lawsuit on March 27, 2020—106 days after the date of the EEOC "Dismissal and Notice of Rights" letter. The letter advised the plaintiff that she was required to file any state or federal lawsuit within *ninety* days of the date she received that notice. In her amended complaint, the plaintiff must advise the court of the date she received that notice from the EEOC.

Finally, the court advises the plaintiff that the amended complaint will supersede—take the place of—the original complaint. That means that the amended complaint must be complete in itself—it must contain all the facts that the plaintiff wants the court to consider. The plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F3d 1054, 1056-57 (7th Cir. 1998). When a plaintiff files an amended complaint, it is as if the "prior [complaint] is in effect withdrawn as to all matters not restated in the amended

7

pleading[.]" Id. at 1057 (citation omitted). The court will not consider any facts that the plaintiff does not include in the amended complaint.

If the plaintiff files (a) her amended request to proceed without prepaying the filing fee and (b) the amended complaint by the deadline the court sets below, the court will screen the amended complaint and decide whether the plaintiff has provided enough information for the court to allow the lawsuit to proceed.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **April 30, 2021** the plaintiff must file a completed amended motion for leave to proceed without prepaying the filing fee. The plaintiff must file the form in time for the court to *receive* it by the end of the day on **April 30, 2021**. If the court does not receive an amended motion for leave to proceed without prepaying the filing fee by the end of the day on April 30, 2021, the court will issue an order requiring the plaintiff to pay the full $402 filing fee by a date certain.

The court **ORDERS** that if the plaintiff wants to proceed with this lawsuit, she must file an amended complaint. If the plaintiff chooses to file an amended complaint, she must do so in time for the court to receive it by the end of the day on **April 30, 2021**. If the court does not receive an amended complaint from the plaintiff by the end of the day on April 30, 2021, the court

will dismiss the case based on the plaintiff's failure to state a claim in the original complaint.

Dated in Milwaukee, Wisconsin this 12th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**