UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANITA BENTLEY,

        Plaintiff,

  v.                                    Case No. 20-cv-503-pp

HOME CARE ASSISTANCE,

        Defendant.

---

**ORDER CONSTRUING PLAINTIFF'S CLAIM AS A CLAIM OF AGE DISCRIMINATION (DKT. NO. 1), ORDERING US MARSHAL TO SERVE DEFENDANT AND ORDERING DEFENDANT TO RESPOND**

---

On March 27, 2020, the plaintiff—who is representing herself—filed a complaint alleging that she was unlawfully terminated by the defendant. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court denied the motion and ordered the plaintiff to file an amended motion to proceed without prepaying the filing fee. Dkt. No. 5. The court also screened the plaintiff's complaint and, because it could not tell whether she meant to claim that the defendant discriminated against her based on her race, gave her the opportunity to file an amended complaint. Id. The court gave the plaintiff a deadline of April 30, 2021 by which to file the amended motion to proceed without prepaying the filing fee and to file an amended complaint. Id. at 8. On April 9, 2021, the plaintiff paid the filing fee in full, so there was no need for her to file an amended motion to

1

proceed without prepaying it. The plaintiff did not file an amended complaint by April 30.

When the court screened the plaintiff's complaint, it speculated that she might be alleging discrimination "based on her age, her race or both." Dkt. No. 5 at 6. The complaint alleges that the plaintiff worked for the defendant, Home Care Assistance. Dkt. No. 1 at 3. The plaintiff says that around January 2019, someone named Patty Cohen was "showing their new building," and that Cohen "posed the question" about a client named Paul Meyer, to whom the plaintiff was assigned. Id. Cohen asked the plaintiff whether Meyer ever had used "the word Negro or Nigger" with the plaintiff. Id. The plaintiff responded, "yes," and Cohen asked how the plaintiff felt about that. Id. The plaintiff responded that she didn't like it but that she "ha[d] to eat." Id. The plaintiff says that Cohen put her hand "endearing over her heart, by stating we protect our employees. We do not want anyone to feel uncomfortable for where we send them to work." Id.

The plaintiff says that around March 21, 2019 (two or so months after the conversation with Cohen), the plaintiff went into the office, where there was "a brief open conversation surrounding [her] birthday with the owner of the company and several employees." Id. The plaintiff says that the employees were surprised when she reported that she would turn sixty the following month. Id. The plaintiff alleges that on April 4, 2019—apparently two weeks or so after this conversation—she was fired by the defendant. Id. at 2, 3. She says that "it was stated that [she] broke Policy and Procedure [] [a]fter [she] was told by

2

office to accommodate the clients' needs." Id. at 3. The plaintiff says that she was following her employer's instructions. Id. at 2.

The plaintiff mentions that someone named Patty Cohen asked her if a client had used racially offensive language and how the plaintiff felt about that. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 20003-2, *et seq.* "prohibits an employer from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." Igasaki v. Ill. Dept. of Fin. and Prof'l Regulation, 988 F3d. 948, 957 (7th Cir. 2021). To state a claim for race-based employment discrimination, the plaintiff must state facts showing that the plaintiff's race or ethnicity "caused the discharge or other adverse employment action." Id. (quoting Purtue v. Wis. Dep't of Corr., 963 F.3d 598, 602 (7th Cir. 2020), reh. den. (July 31, 2020)). The plaintiff does not say who Patty Cohen was or whether she worked for the defendant. The plaintiff does not state her own race. She does not indicate whether she felt Patty Cohen was acting in a discriminatory manner (as opposed to the client acting in a discriminatory manner) or how Patty Cohen may have discriminated against her. The court plaintiff has not stated a claim for discrimination based on race.

The complaint also mentions that that the plaintiff was fired about two weeks after she told some employees that she would be turning sixty the next month. That sounds like an allegation of employment discrimination based on age. The Age Discrimination in Employment Act "prohibits an employer from

3

'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age.' 29 U.S.C. § 623(a)(1)." Igasaki, 988 F.3d at 960. To state a claim for age discrimination under the ADEA, the plaintiff must state facts showing that "age was the but-for cause of the challenged adverse employment action." Marnocha v. St. Vincent Hosp. and Health Care Ctr., Inc., 986 F.3d 711, 718 (7th Cir. Jan. 22, 2021) (quoting Skiba v. Ill. Cent. R.R. Co., 884 F.3d 708, 719 (7th Cir. 2019). The plaintiff alleges that she was fired only two weeks after making comments to the defendant's owner and several coworkers about her upcoming sixtieth birthday. At this early stage, the plaintiff has provided sufficient information for the court construe her complaint as alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§621, *et. seq.*

Although the court previously told the plaintiff that it would dismiss her case if she did not file an amended complaint by April 30, 2021, dkt. no. 1 at 8-9, the court concludes that there is sufficient information in the complaint to allow her to proceed on a theory of age discrimination. This does not mean that the defendant may not challenge the plaintiff's allegations. It means only that the court will not dismiss the lawsuit for failure to state a claim, and will require the U.S. Marshals Service to serve the complaint on the defendant.

The court **CONSTRUES** the plaintiff's complaint as a claim for age discrimination under the ADEA. Dkt. No. 1.

4

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Home Care Assistance (409 East Silver Spring Drive, Whitefish Bay, WI 53217) under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the defendant to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and for filing dispositive motions.

The plaintiff must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court up to date on her address could result in the plaintiff missing important documents or even having her case dismissed.

Dated in Milwaukee, Wisconsin this 11th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
