IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANITA BENTLEY,

    Plaintiff,

    v.

HOME CARE ASSISTANCE,

    Defendant.

Case No. 20CV503

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE 12(B)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Home Care Assistance, by its attorneys, von BRIESEN & ROPER, S.C., hereby motions this court to dismiss the sole claim asserted against it by the plaintiff sounding in age discrimination for failure to state a claim upon which relief can be granted.

## INTRODUCTION

The instant action involves a complaint filed by a *pro se* litigant, Anita Bentley ("Plaintiff"), against Home Care Assistance, one of her former employers ("Defendant"). The complaint has already been screened once by this Court, which construed the complaint as alleging age discrimination in connection with her discharge in April 2019. (Dkt. #6, p. 4) In that same Order, this Court held that plaintiff failed to state a claim relating to allegations sounding in race discrimination and therefore could not proceed with that claim. (*Id.*, page 3) As discussed, *infra*, Plaintiff is not entitled to relief on her claim as it is barred by applicable statutes of limitations.

## RELEVANT UNDERLYING FACTS

Plaintiff was employed by the defendant from August 8, 2016 through April 4, 2019. (Sanders Aff., Exh. A, p. 2) Following her termination, on May 20, 2019, she filed an administrative complaint with the Equal Rights Division of the Wisconsin Department of Workforce Development ("WI ERD") alleging race and age discrimination. (*Id*., Exh. B) After the parties submitted their respective position statements, the WI ERD issued its decision finding no probable cause to believe the plaintiff was discriminated against and dismissed her claims. (*Id*., Exh. A) As noted in the WI ERD's Initial Determination, the plaintiff had thirty (30) days to file a written appeal of that decision. (Id., p. 1) No appeal was filed by plaintiff.

Based upon the findings of the WI ERD, the Milwaukee Area Office of the Equal Opportunity Employment Division ("EEOC"), which has a work-sharing relationship with the WI ERD, issued a Dismissal and Notice of Rights letter on Thursday, December 12, 2019, adopting the findings of the WI ERD and closing its file on the plaintiff's charge. (*Id*., Exh. C) As noted in that letter, if plaintiff chose to file a lawsuit against defendant based upon any federal law, that lawsuit was required to be filed within ninety (90) days of the plaintiff's receipt of the letter or be forever barred from doing so. (*Id*.) Defendant's counsel, located in Milwaukee, received the EEOC notice two business days later on Monday, December 16, 2019. (*Id*.)

The EEOC notice was addressed to the plaintiff at the same address provided to the WI ERD in her initial complaint and provided to this court for purposes of this action - - 4103 North 12th Street in Milwaukee, WI, 53209. (*See*, Exhs. A & B and Dkt. #1) In Milwaukee, according to the U.S. Postal Service, standard delivery time for regular mail from one zip code to another is 3-4 business days. *See,* https://www.usglobalmail.com. Based thereon, Plaintiff presumably received a copy of the EEOC's notice between December 17 and 19, 2019, which would have

required plaintiff to file her lawsuit no later than March 18, 2020. Plaintiff did not file her complaint with this court until March 27, 2020. (Dkt. #1)

## LAW AND ARGUMENT

### A. Standards to Be Applied on A Motion to Dismiss.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss should be granted when the plaintiff "can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Seventh Circuit has interpreted this standard to mean that, to survive a motion to dismiss for failure to state a claim, the plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) (quoting *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984) (emphasis in original).

A grant of dismissal pursuant to Rule 12(b)(6) "serves the very valuable function of saving judicial and party resources in cases where it would simply not be productive to proceed." *Worthington v. Subaru-Isuzu Auto., Inc.*, 868 F. Supp. 1067, 1068 (N.D. Ind. 1994). If every claim were allowed to proceed to trial, "the costs generated thereby would be enormous and there would be little benefit in the way of increased accuracy in results." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987), *superseded by amendment on other grounds*. When it is "obvious well before trial that the defending party is entitled to judgment . . . there is no need to expend further the resources of the parties and the court." *Id.*

### B. Documents Properly Considered on Motion to Dismiss

Typically, motions to dismiss brought under Rule 12(b)(6) cannot include materials outside the pleadings. *See McCready v. eBay*, 453 F.3d 882, 891 (7th Cir.2006). Under Rule 12(b), where "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Wright v. Assoc. Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir.1994). A "narrow exception" to this general rule permits "documents attached to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998)

Moreover, courts may consider documents not only within or referred to in the pleadings but also documents in the public record pursuant to a motion to dismiss. *See Ocampo v. Remedial Envtl. Manpower, Inc.*, No. 13 CV 6283, 2014 WL 2893190, at *2 (N.D. Ill. June 26, 2014), *quoting Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (considering IDHR and EEOC charges, IDHR Voluntary Withdrawal Request Form, and IDHR Order of Closure without converting motion to dismiss to summary judgment motion); *see also, Anderson v. Ctrs. for New Horizons, Inc.*, 891 F.Supp.2d 956, 959 (N.D.Ill.2012) (considering IDHR and EEOC charges, in addition to other IDHR records submitted by the parties, pursuant to a motion to dismiss); *Whitehead v. AM Int'l, Inc.*, 860 F.Supp. 1280, 1286 n. 5 (N.D.Ill.1994)(considering EEOC charge and notice of right to sue without treating the motion to dismiss as a summary judgment motion).

The documents submitted in support of defendant's motion to dismiss are either referred to in the pleadings or are available through public records. Those documents include the plaintiff's initial charge to the WI ERD; the WI ERD Initial Determination; and the EEOC Dismissal and

Notice of Rights letter. Therefore, these records fall within the "narrow exception" permitting the documents to be considered by this court.

First, these documents are central to determining the timing and proper scope of plaintiff's claims. *See Whitehead v. AM Int'l, Inc.*, *supra*, 860 F.Supp. at 1286 n. 5 ("A Rule 12(b)(6) motion typically focuses on the four-corners of the complaint to determine whether the complaint states a cause of action. To determine the proper scope of the plaintiff's discrimination complaint, however, the court must consider the accusations made in the EEOC charge."). Second, all of the documents submitted herewith are public records and, therefore, the court may take judicial notice of them. *See Pierce v. Ill. Dep't of Human Servs.*, 128 Fed.Appx. 534, 535 (7th Cir.2005) (finding no error where the district court, in deciding a motion to dismiss, considered "numerous documents ... submitted by the parties from the administrative process" that were not attached to the pleadings because they were "public records"); *see also, Ocampo, supra*, 2014 WL 2893190, at *2 ("When presented with a motion to dismiss, the Court may 'take judicial notice of matters of public record.'") (*quoting Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994)).

### C. Plaintiff's ADEA Claim Is Time-Barred

Under the ADA, ADEA, and Title VII, a plaintiff must file suit within ninety (90) days from the date the EEOC gives notice of the right to sue. 29 C.F.R. § 1614.407. A suit must generally be filed within ninety (90) days of the plaintiff's receipt of the final agency decision. *Id., see also*, *Elmore v. Henderson*, 227 F.3d 1009, 1010–11 (7th Cir.2000). Although not a jurisdictional prerequisite, timely filing of a lawsuit under the ADEA is a precondition, akin to a statute of limitations. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir.2000). Thus, a defendant's argument that a discrimination claim is untimely because it was filed outside the ninety–day statute

of limitations is an affirmative defense. Fed.R.Civ.P. 8(c) and *Tregenza v. Great Am. Communications Co*., 12 F.3d 717, 718 (7th Cir.1993)). As such, the defendant bears the burden of establishing that the claimant failed to file his lawsuit before the ninety-day deadline. *See, Salas v. Wisconsin Department of Corrections*, 493 F.3d 913, 922 (7th Cir.2007).

To determine the ninety–day period for filing an ADEA or Title VII suit, the Seventh Circuit follows a three-pronged approach. *See Bond v. American Med. Ass'n,* 764 F. Supp. 122, 124 (N.D.Ill.1991); *Trinkle v. Bell Litho, Inc.*, 627 F. Supp. 764, 765 (N.D.Ill.1986). First, the period usually begins to run when the plaintiff actually receives notice of the final agency decision. *See Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984); *Bond*, *supra*, 764 F. Supp. at 124. If the plaintiff is represented by an attorney, and the EEO agency is informed of this fact, receipt by the attorney begins the running of the ninety-day period. *See Jones, supra,* 744 F.2d at 1312, 1314.

Second, where the person initially receiving the notice is someone other than the plaintiff or the plaintiff's attorney, the period does not begin to run until the plaintiff or his attorney actually receives the notice. *See Trinkle, supra,* 627 F. Supp. at 765.

Third, where the plaintiff's receipt of the notice is delayed, a fault approach is used. *See St. Louis v. Alverno Coll*., 744 F.2d 1314, 1317 (7th Cir.1984); *Trinkle, supra*, 627 F. Supp. at 765. Under this approach, delay caused by the fault of the plaintiff does not toll the ninety–day period. *St. Louis, supra,* 744 F.2d at 1317. It is a plaintiff's responsibility to advise the EEO agency of a change in address. *St. Louis, supra*, 744 F.2d at 1316–17; *Barnes v. Ameritech*, No. 99 C 2321, 2000 WL 204233, at *1 (N.D.Ill. Feb. 15, 2000). Whether a plaintiff is at fault is considered on a case-by-case basis. *Trinkle, supra*, 627 F.Supp. at 765. The plaintiff must take reasonable steps to ensure delivery of the notice. *St. Louis, supra*, 744 F.2d at 1317.

Although the courts have held that the ninety days begin to run upon plaintiff's "actual receipt" of the notice, courts have also recognized that when plaintiffs fail to receive notice through their own fault, the "actual-notice" rule does not apply. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir.1999); *Bobbitt v. Freeman Companies, Inc.,* 268 F.3d 535, 538 (7th Cir.2001), *Jones, supra*, 744 F.2d at 1313. *St. Louis, supra*, holds that the ninety-day time limit begins on the date that the letter was delivered to the most recent address provided to the EEOC, even though the plaintiff did not receive actual notice until several months later because he failed to inform the EEOC of a change of address. Moreover, "the law presumes timely delivery of a properly addressed piece of mail." *Bobbitt, supra*, 268 F.3d at 538.

As demonstrate above, presuming timely delivery of the EEOC Dismissal and Notice of Rights letter, plaintiff was required to file this action on or before March 18, 2020. She did not file her action until March 27, 2020. Absent a showing by plaintiff that she did not receive the EEOC notice until December 28, 2019, sixteen days after it was issued, her claim is time-barred and should be dismissed.

## CONCLUSION

For the above reasons, the Court is respectfully requested to grant Defendant's Rule 12(b)(6) motion to dismiss the complaint in its entirety.

Dated this 21st day of May, 2021.

> von BRIESEN & ROPER, s.c.
> Attorneys for Defendant Home Care Assistance
>
> By: *Electronically signed by Maria DelPizzo Sanders*
> Maria DelPizzo Sanders
> 411 E. Wisconsin Avenue, Suite 1000
> Milwaukee, WI 53202
> Phone: (414) 221-6652
> Email: msanders@vonbriesen.com
> Fax: (414) 249-2634

36408048_1.DOCX