UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANITA BENTLEY,

        Plaintiff,

v.

                              Case No. 20-cv-503-pp

HOME CARE ASSISTANCE,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 10)**

On March 27, 2020, the plaintiff, representing herself, filed a complaint against the defendant alleging that she was wrongfully fired. Dkt. No. 1. The court screened the complaint and construed it as claiming age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621, *et. seq.* (AEDA). Dkt. No. 6.

On May 21, 2021, the defendant filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. The plaintiff did not timely respond to the motion, but on October 14, 2021, the court received a letter from her indicating that she never "received any letter in the mail stating that [her] case would be dismissed." Dkt. No. 14. The defendant filed a reply. Dkt. No. 15.

1

**I.  Facts**

The plaintiff alleges that she previously worked for the defendant. See Dkt. No. 1 at 2. She alleges that on approximately March 21, 2019, while at the office, she had a conversation with the owner of the defendant and several other employees. Id. at 3. The plaintiff says that as part the conversation she mentioned that she would be turning sixty years old the following month. Id. She asserts she was terminated two weeks later. Id. She alleges in the complaint tha, "[o]n April 4, 2019 I was fired from Home Care Assistance it was stated that I broke Policy and Procedure. After I was told by office to accommodate the clients' needs." Id.

The complaint also states that sometime on or around January 2019 an individual named Patty Cohen asked the plaintiff whether a specific client had ever used racially disparaging terms with her. Id. The plaintiff alleges that she said "yes." Id. The plaintiff says that Cohen then asked her how she felt about it, to which the plaintiff responded, "I don't like it but I have to eat." Id. The plaintiff alleges that Cohen then put her hand over her heart and told the plaintiff that "we protect our employees. We do not want anyone to feel uncomfortable for where we send them to work." Id.

The plaintiff attached to the complaint her Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission. Dkt. No. 1-1. The document, dated December 12, 2019, indicated that the EEOC had adopted the findings of the state and closed its file on the charge. Id. The document also instructed to the plaintiff that she "may file a lawsuit against

the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." Id.

II. **Analysis**

   A.   <u>Jurisdiction</u>

The court has federal question jurisdiction under 28 U.S.C. §1331 because the plaintiff has made a claim under the AEDA, 29 U.S.C. §§621, *et. seq.*

   B.   <u>Standard for Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); <u>Gibson v. City of Chi.</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). When evaluating a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. <u>AnchorBank, FSB v. Hofer</u>, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). In this context, "plausible," as opposed to "merely conceivable or speculative," means that the plaintiff must include "enough details about the subject-matter

3

of the case to present a story that holds together." Carlson v. CSX Transp., Inc., 758 F.3d 819, 826-27 (7th Cir. 2014) (quoting Swanson v. Citibank, N.A., 614 F.3d 400, 404-05 (7th Cir. 2010)). "[T]he proper question to ask is still could these things have happened, not did they happen." Id. at 827 (internal quotation and citation omitted). The plaintiff "need not 'show' anything to survive a motion under Rule 12(b)(6)—he need only allege." Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

   C.   AEDA

In its motion to dismiss, the defendant asserts that the plaintiff's claim is barred by the statute of limitations. Dkt. No. 11 at 1. The Age Discrimination in Employment Act "prohibits an employer from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age.' 29 U.S.C. § 623(a)(1)." Igasaki v. Ill. Dep't of Fin. and Prof'l Regulation, 988 F.3d 948, 960 (7th Cir. 2021). Under the AEDA, an individual must file a claim in federal court "[w]ithin 90 days of receipt of the agency final action on an individual or class complaint." 29 C.F.R. §1614.407(a); Elmore v. Henderson, 227 F.3d 1009, 1010-11 (7th Cir. 2000). This time limit is not a jurisdictional requirement; it is substantively the same as a statute of limitations. Gibson v. West, 201 F.3d 990, 993 (7th Cir. 2000) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)). The failure to bring a claim within this ninety-day period gives a defendant an affirmative defense. Fed. R. Civ. P. 8(c)(1). Such a failure causes the dismissal of a case if it is plainly apparent from the pleadings. Tamayo v. Blagojevich,

4

526 F.3d 1074, 1086 (7th Cir. 2008) ("A party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.").

The defendant's argument fails because the court is unable to determine from the pleadings when the plaintiff received the EEOC's letter. The plaintiff filed her claim in federal court on March 27, 2020; she must have received the final decision from the EEOC no earlier than December 28, 2019 in order to maintain her claim with the court. The court does not know when the plaintiff received the letter. It was dated December 12, 2019, dkt. no. 1-1, but there is no indication as to when the letter was mailed to the plaintiff.

The defendant urges the court to accept an estimate of when the letter likely was delivered. It begins by asserting that the defendant's attorney received the EEOC notice in Milwaukee on Monday, December 16, 2019, two business days after the date on the notice. Dkt. No. 11 at 2. The defendant then offers an estimate of when the plaintiff likely received the notice:

> The EEOC notice was addressed to the plaintiff at the same address provided to the WI ERD in her initial complaint and provided to this court for purposes of this action - - 4103 North 12th Street in Milwaukee, WI, 53209. (*See*, Exhs. A & B and Dkt. #1) In Milwaukee, according to the U.S. Postal Service, standard delivery time for regular mail from one zip code to another is 3-4 business days. *See,* https://www.usglobalmail.com. Based thereon, Plaintiff presumably received a copy of the EEOC's notice between December 17 and 19, 2019, which would have required plaintiff to file her lawsuit no later than March 18, 2020.

Id. The defendant also asks the court to consider materials outside of, but referenced in, the pleadings. Id. at 4-5. Although Seventh Circuit case law permits consideration of materials outside the four corners of the complaint under narrow circumstances, Levenstein v. Salafsky, 164 F.3d 345, 347 (7th

5

Cir. 1998), the documents offered by the defendant have no effect on the court's decision.

The court cannot accept the defendant's estimate. The estimate is not alleged in the plaintiff's complaint and requires the court to consider the defendant's additional materials. The defendant has offered no case law supporting its assertion that the court may assume everything went smoothly in delivery and may dismiss the case based on that inference.

The defendant also suggests a three-pronged test purportedly used in the Seventh Circuit to determine when the ninety-day period commences. Dkt. No. 11 at 5-6. Under this three-pronged test, "1) when the letter is received at the claimant's address by someone other than the claimant, the ninety day period begins to run upon actual receipt of the letter by the claimant; 2) when the claimant is represented by counsel who receives the letter, the filing period begins to run from the day the attorney actually receives the letter; and 3) in other cases the court will adopt a 'fault approach,' where the statutory period begins to run upon some type of fault on the part of the claimant." Bond v. Am. Med. Ass'n, 764 F. Supp 112, 124 (N.D. Ill. 1991). None of these factors are applicable here. The court does not know when the letter was received by the plaintiff. While the law does "presume[] timely delivery of a properly addressed piece of mail," Bobbitt v. Freeman Companies, 268 F.3d 535, 538 (7th Cir. 2001), the court has no information on whether this specific mail was properly addressed. The plaintiff does not have an attorney. And there is no reason to believe that if the letter took longer to reach the plaintiff than the defendant

6

calculates, the *plaintiff* is at fault. The information in the complaint does not allow the court to apply this test and determine when the ninety-day period commenced.

The letter the court received from the plaintiff on October 14, 2021 indicated that she brought her complaint and the Notice of Right to Sue to the courthouse to file it. Dkt. No. 14. She indicated that she called somewhere and was told to put the documents in the grey mailbox on the side of the courthouse (presumably the court's after-hours drop box). Id. The letter indicated that she believed that she put the documents in the drop box at the end of February or the very first week in March, but that "a lot of things were shut down" due to the pandemic and she "could not enter the building." Id.

The defendant—after noting that the plaintiff did not timely file a response to the motion to dismiss—observes that the plaintiff did not identify the date on which she received the Notice of Right to Sue from the EEOC. Dkt. No. 15 at 1-2. The defendant points out that the federal courthouse did not close to the public as a result of the pandemic until March 23, 2020 at 5:00 p.m., implying that if the plaintiff had filed her complaint in late February or early March, the building would not have been closed to the public. Id. at 2. The defendant argues that if, in fact, the plaintiff was not able to come into the federal building to file the complaint, that means she had to have filed it sometime after March 23, 2020 at 5:00 p.m. Id.

The defendant is right that the plaintiff did not timely respond to the motion to dismiss. But the court has not considered her (late) response in

7

denying the defendant's motion. As the defendant notes, the court still does not know when the plaintiff received from the EEOC the Notice of Right to Sue letter, and it will not dismiss the complaint based on an inference that the letter must have reached the plaintiff on a particular date.

The court will deny the defendant's motion to dismiss without prejudice. If and when the defendant has further information about when the plaintiff received the Notice of Right to Sue Letter, the defendant may renew the motion, or may raise the timeliness issue in some other fashion.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 16th day of February, 2022.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
